UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD COLTON MCABEE**, § | | |
|   FMC Rochester, Reg. No. 60346-509 § | Civil Action No. 24-1686 | |
|   PO Box 4000 § | | |
|   Rochester, MN 55903 § | | |
| § | | |
|        Plaintiff, § | | |
| § Hon. | | |
| vs. § | | |
| § | | |
| **CRYSTAL LANCASTER**, § | | |
|   1901 D Street, S.E. § | | |
|   Washington, DC 20003 § | **JURY TRIAL DEMANDED** | |
| § | | |
|        and § | | |
| § | | |
| **DISTRICT OF COLUMBIA**, § | | |
| § | | |
|        Defendants. § | | |

## **COMPLAINT**

Comes now Plaintiff, Ronald Colton McAbee ("Mr. McAbee"), by and through his undersigned counsel, and files this Complaint, and in support thereof states as follows:

**I.**     **Preliminary Statement**

1. Mr. McAbee seeks to hold Defendant Crystal Lancaster accountable for abusing her position as jailer when she deployed chemical agents into Mr. McAbee's face twice, at point-blank range, without warning and without justification, after which she caused Mr. McAbee to languish in burning pain for three days before he could decontaminate himself. Defendant Lancaster willfully violated Mr. McAbee's Fourth Amendment right to be free from the use of excessive force, and she willfully violated his Fifth Amendment right as a pretrial detainee to be free from violent punishment. Further, to the extent that Defendant Lancaster's actions were motivated by jail policy or custom, Mr. McAbee seeks redress from the District of Columbia.

1

**II.     Parties**

2. Mr. McAbee is an adult American citizen and is currently in the custody of the Federal Bureau of Prisons ("BOP") in Rochester, Minnesota.

3. Defendant Lancaster is an adult American citizen and was at all relevant times employed by the District of Columbia Department of Corrections ("DOC") as a Lieutenant at the District of Columbia Central Detention Facility ("DC Jail"), which the DOC operates.

4. Defendant District of Columbia is the municipal government entity under which the DOC operates.

**III.    Jurisdiction and Venue**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4), which grant jurisdiction over cases, like this one, that are brought under 42 U.S.C. § 1983.

6. This Court has personal jurisdiction over Defendant Lancaster because this lawsuit arises from her contacts with the District of Columbia—namely from her personal decision to use excessive force against Mr. McAbee at the DC Jail. This Court has general personal jurisdiction over the District of Columbia.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because all the events giving rise to this suit occurred within this District.

**IV.     Statement of Facts**

8. On September 5, 2022, Mr. McAbee was minding his own business in Unit C2B at the DC Jail, where he was confined as federal pretrial detainee.

9. At approximately 11:39 a.m. on September 5, 2022, Defendant Lancaster entered Unit C2B, with her body-worn camera activated, to conduct a routine security check.

10. At approximately 11:40 a.m., a nurse entered Unit C2B for the routine purpose of dispensing medication to inmates.

### *Defendant Lancaster Attacks Mr. McAbee*

11. Shortly thereafter, Mr. McAbee began to approach the nurse to obtain his orally administered medication. Because Mr. McAbee was in his living area and was obtaining orally administered medication, he was not wearing a COVID-19 face mask. DC Jail policy required inmates like Mr. McAbee to remove any face mask while consuming such medication anyhow, so as to demonstrate to the nurse that the inmate had in fact consumed the medication.

12. Defendant Lancaster saw Mr. McAbee approach and yelled at him to put a mask on.

13. Mr. McAbee replied that he was simply getting his medication. Mr. McAbee continued to approach the nurse.

14. As Mr. McAbee continued towards the nurse, Defendant Lancaster approached, pitting Mr. McAbee between her and a chair.

15. Mr. McAbee then moved past Defendant Lancaster towards the nurse. Because Defendant Lancaster had moved towards Mr. McAbee, Defendant Lancaster's shirt sleeve brushed Mr. McAbee's upper arm.

16. Defendant Lancaster then jumped in between Mr. McAbee and the nurse, commanding Mr. McAbee to return to his cell.

17. Mr. McAbee replied that he was going to get his medication.

18. Defendant Lancaster then repeated her command to Mr. McAbee to return to his cell and then—entirely unprovoked, with no warning to anyone, and without calling for backup—

administered at least a one-second burst of chemical agent directly to Mr. McAbee's face, at point-blank range.

19. At no point did Mr. McAbee threaten or assault Defendant Lancaster.

20. Defendant Lancaster knowingly, maliciously, and sadistically administered the chemical agent directly to Mr. McAbee's face from less than four feet away.

21. Any reasonable officer would have known that it was objectively unreasonable and unconstitutional to administer a chemical agent directly to Mr. McAbee's face under these circumstances.

22. Mr. McAbee responded to this attack with impolite language, but he continued not to threaten or assault anyone.

23. Defendant Lancaster called for backup.

24. Defendant Lancaster asked Corporal Agbornkie and Corporal Winston to restrain Mr. McAbee.

25. Mr. McAbee attempted to ask the officers why Defendant Lancaster had sprayed him. Mr. McAbee also attempted to ask the officers to use a double handcuff restraint, rather than a single set of handcuffs, due to Mr. McAbee's preexisting shoulder injuries.

26. Corporal Winston rapidly pushed Mr. McAbee towards a wall. If Mr. McAbee had done nothing else, Corporal Winston would then have slammed Mr. McAbee face-first into the wall. As a reasonable self-defense maneuver, Mr. McAbee thus extended his foot towards the wall in front of him to avoid being slammed into it.

27. Defendant Lancaster approached Mr. McAbee and Corporal Winston and then knowingly, maliciously, and sadistically administered a *second* burst of chemical agent directly into Mr. McAbee's face from mere inches away.

28. Any reasonable officer would have known that it was objectively unreasonable and unconstitutional to administer a second burst of the chemical agent directly to Mr. McAbee's face under these circumstances.

29. Following the two chemical sprays, Defendant Lancaster and another officer yelled at Mr. McAbee for not wearing a COVID-19 mask and placed him in a shower with only very hot water, which amplified the burning sensation of the chemical spray. Mr. McAbee was not provided an opportunity to decontaminate thoroughly. Instead, Mr. McAbee was taken to a medical facility, en route to which—as Mr. McAbee was handcuffed behind his back—an officer placed a COVID-19 mask on Mr. McAbee's face.

30. Mr. McAbee was then placed in solitary confinement for three days, still with no opportunity to decontaminate himself despite multiple requests. During that time, the chemical agent reactivated and caused Mr. McAbee intense burning pain. Finally, on the third day, an officer on duty took pity on Mr. McAbee and permitted Mr. McAbee to take a thorough shower.

31. Defendant Lancaster wrote a disciplinary report alleging that Mr. McAbee had incited a riot and caused an assault. No hearing was ever held on the violations alleged in the disciplinary report. On information and belief, no finding was ever made that Mr. McAbee had in fact committed the violations alleged in the disciplinary report.

32. The violations alleged in the disciplinary report were false.

33. As a result of Defendant Lancaster's actions administering the chemical agent to Mr. McAbee's face, Mr. McAbee suffers continued physical and emotional trauma nearly two years later. Whenever Mr. McAbee hears anything about COVID-19 masks, his heart races, his hands sweat, and he fears that he will be violently assaulted by an officer just like Defendant Lancaster violently assaulted him. Mr. McAbee continues to suffer anxiety from approaching

officers without wearing a COVID-19 mask. And Mr. McAbee frequently recalls the temporary blindness, the days of languishing in chemical spray after the incident occurred, and the intense burning pain that he experienced throughout his eyes, nose, and throat.

34. Perversely, the United States later used Defendant Lancaster's attack against Mr. McAbee to argue for an increased sentence *for Mr. McAbee* on the grounds that "Mr. McAbee had an altercation with jail personnel" while awaiting trial. *See* Government's Sentencing Memorandum at 39, ECF No. 429, in *United States v. Ronald Colton McAbee*, D.D.C. No. 21-Cr-35 (RC) (Feb. 21, 2024).

35. Defendant Lancaster knowingly used excessive force against Mr. McAbee without any legitimate non-punitive purpose. In doing so, Defendant Lancaster knowingly deviated from established protocols governing the use of chemical agents on inmates.

36. Alternatively, the moving force behind Defendant Lancaster's use of the chemical agents was a policy or custom of the District of Columbia or the DOC. Such policy or custom exists either expressly, or as the result of District of Columbia policymakers' knowing failure to prohibit the unjustified use of chemical agents at point-blank range, or as the result of the District of Columbia's deliberate indifference to the risk (about which the District of Columbia knew or should have known) that failure to train DOC employees including Defendant Lancaster would result in constitutional violations like those alleged herein. But for such policy or custom permitting the use of excessive force, Mr. McAbee would not have suffered the injuries alleged herein.

### *Defendants Withhold Key Video Evidence*

37. Defendant Lancaster's body-worn camera captured most if not all of the above-described events.

38. On January 9, 2023, approximately four months after these events, U.S. Congressman Troy E. Nehls (R-TX), acting as Mr. McAbee's agent, requested that DOC release Defendant Lancaster's body-worn camera footage for the time period of 10:00 a.m. to 1:00 p.m. on September 5, 2022.

39. On January 30, 2023, Congressman Nehls, still acting as Mr. McAbee's agent, notified District of Columbia Mayor Muriel Bowser of the September 5, 2022, incident and requested that Mayor Bowser preserve the camera footage.

40. On February 21, 2023, Oluwasegun Obebe (Records, Information & Privacy Officer for DOC's Office of General Counsel) sent an email to Taylor Reaves (employee of Congressman Nehls) acknowledging the request for "body-worn camera footage of Lt. Crystal Lancaster regarding a September 5, 2022 incident that involved Ronald McAbee" and advising that "DOC has decided to release the footage to you before the end of the week in consideration of public interest."

41. On February 23, 2023, Oluwasegun Obebe sent another email to Ms. Reaves stating: "There was a miscommunication, and I apologize. The decision remains not to disclose the video footage."

42. Defendant District of Columbia is in possession of the video footage.

43. To date, neither DOC nor any other agent of the District of Columbia has released the video footage.

V.   **Causes of Action**

**COUNT I**
**DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983**
**(FOURTH AMENDMENT / EXCESSIVE FORCE)**

44. Mr. McAbee incorporates by reference all of the preceding paragraphs of this Complaint.

45. Defendant Lancaster, acting under color of District of Columbia law, knowingly deprived Mr. McAbee of his clearly established Fourth Amendment right to be free from the use of excessive force.

46. Defendant Lancaster used force against Mr. McAbee under circumstances in which any reasonable officer would have known the use of force was unconstitutionally excessive.

47. Defendant Lancaster did so twice.

48. Defendant Lancaster had no justification, such as self-defense or defense of others, that might have permitted the use of force.

49. Defendant Lancaster's excessive use of force was the actual and proximate cause of Mr. McAbee's bodily injury, pain, suffering, emotional distress, and other harms, causing damages in an amount to be proven at trial.

Wherefore, based on the foregoing facts, Mr. McAbee respectfully requests that this Court enter a judgment consisting of an award of all damages available by law, in favor of Mr. McAbee and against Defendant Lancaster, plus interest and costs.

**COUNT II**
**DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983**
**(FIFTH AMENDMENT / DUE PROCESS)**

50. Mr. McAbee incorporates by reference all of the preceding paragraphs of this Complaint.

51. At all times relevant to this complaint, Mr. McAbee was a pretrial detainee who had not been convicted of a crime.

52. Mr. McAbee thus enjoyed a Fifth Amendment Due Process right to be free from punitive restrictions or conditions while confined at the DC Jail.

53. Defendant Lancaster, acting under color of District of Columbia law, knowingly deprived Mr. McAbee of his clearly established Fifth Amendment right to be free from the use of chemical-agent spray administered to his face without any legitimate non-punitive purpose.

54. Defendant Lancaster's use of chemical agents against Mr. McAbee was punitive.

55. Defendant Lancaster's use of chemical agents against Mr. McAbee was the actual and proximate cause of Mr. McAbee's bodily injury, pain, suffering, emotional distress, and other harms, causing damages in an amount to be proven at trial.

Wherefore, based on the foregoing facts, Mr. McAbee respectfully requests that this Court enter a judgment consisting of an award of all damages available by law, in favor of Mr. McAbee and against Defendant Lancaster, plus interest and costs.

## COUNT III
### DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983
### (FOURTH AND FIFTH AMENDMENTS / MUNICIPAL LIABILITY)

56. Mr. McAbee incorporates by reference all of the preceding paragraphs of this Complaint.

57. The moving force behind Defendant Lancaster's use of the chemical agents in violation of both the Fourth and Fifth Amendments was a policy or custom of the District of Columbia or the DOC. Such policy or custom exists either expressly, or as the result of District of Columbia policymakers' knowing failure to prohibit the unjustified use of chemical agents at point-blank range, or as the result of the District of Columbia's deliberate indifference to the risk

(of which the District knew or should have known) that failure to train DOC employees including Defendant Lancaster would result in constitutional violations like those alleged herein.

58. But for such policy or custom of the District of Columbia or the DOC permitting the use of excessive force, Mr. McAbee would not have suffered the injuries alleged herein.

59. Such policy or custom of the District of Columbia was an actual and proximate cause of Mr. McAbee's bodily injury, pain, suffering, emotional distress, and other harms, causing damages in an amount to be proven at trial.

Wherefore, based on the foregoing facts, Mr. McAbee respectfully requests that this Court enter a judgment consisting of an award of all damages available by law, in favor of Mr. McAbee and against the District of Columbia, plus interest and costs.

**VI.    Jury Trial Demanded**

Mr. McAbee hereby requests that a jury be empaneled to hear this matter.

**VII.    Prayer for Relief**

Wherefore, based on the foregoing, Mr. McAbee demands the following relief: (a) compensatory damages in a full and fair sum to be determined by a jury, (b) punitive damages to be determined by a jury; (c) reasonable attorney's fees; and (d) all damages authorized at law or equity.

**Date**:  June 11, 2024                                                           Respectfully submitted,

/s/   Kyle Singhal
Kyle Singhal (D.C. Bar No. 1601108)
Shon Hopwood (D.C. Bar No. 1196637)
Hopwood & Singhal PLLC
1701 Pennsylvania Ave., N.W. #200
Washington, DC 20006
(817) 212-9041
kyle@hopwoodsinghal.com
*Attorneys for Plaintiff*