UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD COLTON MCABEE,<br><br>*Plaintiff,*<br><br>v.<br><br>CRYSTAL LANCASTER, *et al.*,<br><br>*Defendants.* | No. 24-CV-1686 (JMC) |

**RULE 16.3(c) REPORT**

The parties, Plaintiff Ronald McAbee and Defendant Crystal Lancaster, through counsel, have met and conferred and respectfully submit this report to the Court under Fed. R. Civ. P. 26(f) and LCvR 16.3(c).

**LCvR 16.3(c) MATTERS**

1. Dispositive Motions: Defendant anticipates filing a dispositive motion after discovery is completed. Plaintiff is considering whether to file a dispositive motion. The parties agree that discovery should not be delayed pending decisions on any other matters, including future dispositive motions.

2. Joinder of Parties/Amendment of Pleadings/Narrowing of Issues: Defendant proposes that any amended pleadings be filed, and any parties, joined, by November 12, 2025. Plaintiff proposes that any future amendments to the pleadings or joinder of additional parties should be sought by motion. It is Plaintiff's position that there is no realistic possibility of agreeing upon or narrowing the factual or legal issues at this time, prior to the conclusion of discovery. The parties believe discovery may result in the narrowing of the factual or legal issues.

3. <u>Magistrate Judge</u>:  The parties do not consent to assigning this case to a magistrate judge for all purposes, including trial.

4. <u>Possibility of Settlement</u>:  The parties anticipate engaging in discovery prior to engaging in any settlement discussions.

5. <u>ADR</u>:  The parties believe that informal settlement negotiations will be sufficient to entertain a possible resolution of the case before trial but are not opposed to considering formal mediation if those efforts fail.

6. <u>Motions</u>:  Plaintiff is considering whether to file a dispositive motion.  Defendant anticipates filing a dispositive motion after discovery is completed.  The parties request that the Court set a briefing schedule on dispositive motions after the close of all discovery.

7. <u>Initial Disclosures</u>:  The parties propose to exchange Fed. R. Civ. P. 26(a)(1) initial disclosures on or before December 3, 2025.

8. <u>Discovery Plan</u>:  The parties propose that each party be allowed up to 5 depositions, 25 interrogatories, and 30 requests for admissions.  Defendant requests that each party be allowed up to 30 requests for production of documents, and Plaintiff requests that each party be allowed unlimited requests for production.  The parties also propose that Plaintiff serve any notice of deposition under Rule 30(b)(6) at least 30 days before the date of that deposition.  The parties anticipate filing a Joint Motion for a Protective Order governing the disclosure and use of confidential personnel information and other personally identifiable information.  The proposed Protective Order will also include procedures for asserting claims of privilege or of protection of trial preparation materials.

The parties propose the following schedule for discovery:

| Event | Deadline |
|---|---|
| Plaintiff's expert witness designations and disclosures | March 24, 2026 |
| Defendant's rebuttal expert witness designations and disclosures | May 26, 2026 |
| Plaintiff's reply to Defendant's rebuttal expert witness designations and disclosures | June 25, 2026 |
| Close of discovery | July 27, 2026 |

9. <u>Disclosure, Discovery, and Preservation of ESI</u>: The parties anticipate discussing and agreeing to the parameters and search terms to govern any request for the production of emails under Fed. R. Civ. P. 26.  Such agreement would outline:

    (1) identification of custodians to be searched;

    (2) identification of the date range to be searched;

    (3) identification of search terms;

    (4) understanding of methodology for conducting the searches and review.

Defendant proposes producing electronically stored information (ESI) metadata to Plaintiff as follows, under the limitations set forth in Fed. R. Civ. P. 26(b): Defendant requests that ESI production and imaged hard copy documents, including email, should be rendered to TIFF image format and accompanied by an image cross reference (load) file; and all applicable metadata should be extracted and provided in load file format.  Plaintiff proposes that the parties produce ESI in native format with metadata intact but that a party producing images of documents, including but not

limited to scanned .pdf (Portable Document Format) files, shall first make those files text-searchable by performing optical character recognition (OCR) on those files to the extent feasible prior to their production. The Parties agree that all ESI shall be consecutively Bates numbered and labeled accordingly. A party producing ESI shall, where feasible, make such a production by serving upon the requesting party a private link to a cloud-stored folder containing the ESI unless otherwise agreed by the parties. The parties agree that they will each make available to the other, within five business days of receipt, all materials obtained from third parties pursuant to Fed. R. Civ. P. 45.

10. <u>Privilege/Protection Claims</u>:  The parties anticipate that an agreement regarding claims of privilege or of protection as trial preparation materials will be included in the parties' protective order referenced in Paragraph 8 above.

11. <u>Expert Witness Reports and Depositions</u>:  The parties propose that Plaintiff serve his expert report and disclosures by March 24, 2026, that Defendant serve her rebuttal expert report and disclosures by May 26, 2026, and that Plaintiff serve any reply to Defendant's rebuttal expert report and disclosures by June 25, 2026.  The parties propose no changes to the requirements of Fed. R. Civ. P. 26(a)(2)(C).

12. <u>Class Action</u>:  This case is not a class action.

13. <u>Bifurcation</u>:  The parties do not believe that bifurcation of trial or discovery is necessary at this time.

14. <u>Pretrial Conference</u>:  The parties propose that the Court set a date for a pretrial conference after resolving any motion for summary judgment.

15. Trial Date:  The parties propose that the trial date be set at the final pretrial conference.

16. Other Matters:  None.

Dated: October 22, 2025                               Respectfully submitted,

/s/   Kyle Singhal
Kyle Singhal (D.C. Bar No. 1601108)
Hopwood & Singhal PLLC
1701 Pennsylvania Ave., N.W. #200
Washington, DC 20006
(202) 769-4080
kyle@hopwoodsinghal.com

*Counsel for Plaintiff*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ Christina Okereke
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ Rachel B. Gale
RACHEL B. GALE [90003972]
SARAH PREIS [997387]
Assistant Attorneys General
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7458
rachel.gale@dc.gov

*Counsel for Defendant Crystal Lancaster*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD COLTON MCABEE,

*Plaintiff,*

v.

CRYSTAL LANCASTER, *et al.*,

*Defendants.*

Case No. 24-cv-1686 (JMC)

**ORDER**

Upon consideration of the Parties' Joint Meet and Confer Report, it is this \_\_\_\_ day of _____ 2025, hereby

**ORDERED** that the Parties shall adhere to the following schedule:

| Event | Deadline |
| --- | --- |
| Rule 26(a) initial disclosures | December 3, 2025 |
| Plaintiff's expert witness designations and disclosures | March 24, 2026 |
| Defendant's rebuttal expert witness designations and disclosures | May 26, 2026 |
| Plaintiff's reply to Defendant's rebuttal expert witness designations and disclosures | June 25, 2026 |
| Close of discovery | July 27, 2026 |

**SO ORDERED**.

_____
JIA M. COBB
United States District Judge