UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RONALD COLTON MCABEE**, § | |
| § | No. 24-cv-01686 (JMC) |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| **CRYSTAL LANCASTER**, § | |
| § | |
| Defendant. § | |

### DECLARATION OF ATTORNEY KYLE SINGHAL

I, Kyle Singhal, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am Ronald Colton McAbee's attorney in the above-captioned matter.

2. I am an adult of sound mind.

3. I state the facts below based on my personal knowledge.

4. I drafted the subpoena ("Subpoena") that is attached as Attachment A to Plaintiff's Motion to Compel and Hold Non-Party District of Columbia Department of Corrections in Contempt for Failure to Comply with Subpoena ("Motion to Compel and Hold in Contempt").

5. On October 28, 2025, I caused the Subpoena to be served upon the District of Columbia Department of Corrections ("DOC") in compliance with Rule 45 of the Federal Rules of Civil Procedure.

6. I did not receive any response to the Subpoena on or before the Subpoena's stated production deadline of November 26, 2025. On December 3, I emailed defense counsel to inquire whether defense counsel might follow up on the Subpoena. Defense counsel had previously represented the District of Columbia when the District was a party to this action prior to the grant of its motion to dismiss, so I reasonably concluded that defense counsel might still be able to

1

**Attachment C (Declaration of Kyle Singhal)**

inquire of a D.C. agency. On December 4, 2025, defense counsel kindly agreed to inquire. One week later, on December 11, defense counsel confirmed that "DOC is evaluating the subpoena."

7. I did not receive any response to the Subpoena until December 13, 2025.

8. I reviewed the responses that I received from DOC. Among DOC's responses was a response to Plaintiff's First Request for Production on Defendant (dated October 3, 2025), which Plaintiff had served only upon Lancaster but not upon DOC. Notably absent from DOC's responses was any body-worn camera footage from either Crystal Lancaster or Alexander Winston. Four other officers' body-worn camera recordings were provided, along with a little over eight minutes of video-only dayroom footage from an overhead camera.

9. On January 5, 2026, I emailed Elektra Long—the same DOC employee upon whom the Subpoena had been served—to inquire as to the whereabouts of Defendant Lancaster's and Corporal Alexander's footage. Ms. Long consulted with the surveillance supervisor Benjamin Collins and replied, "The DOC surveillance supervisor just confirmed that there is no BWC footage for Corporal Winston or Lieutenant Lancaster on September 5, 2022."

10. Later on January 5, 2026, I personally spoke with both of the two staffers who had watched Defendant Lancaster's body-worn camera footage in June 2024 together with Congressman Troy Nehls, DOC Director Thomas Faust and DOC's then-General Counsel Andrew Mazzuchelli. Rep. Nehls's staffers confirmed that they saw Defendant Lancaster's body-worn camera footage, corroborating such details as her movements going from cell to cell and yelling at inmates prior to the events giving rise to this lawsuit. The staffers further confirmed that the footage documented the events giving rise to this lawsuit and that both Mr. Faust and Mr. Mazzuchelli were in the room with them when they watched the footage.

11. Faced with what appears to be either gross incompetence or the malicious concealment or destruction of material evidence, I spent a total of eight hours researching viable legal strategies, reviewing applicable caselaw (particularly as concerns the applicability of a federal court's subpoena to a non-party municipal government agency respondent), and drafting the Motion to Compel and Hold in Contempt.

12. Plaintiff has incurred attorney's fees and costs in connection with my pursuit of this Motion to Compel and Hold in Contempt, and Plaintiff has claimed attorney's fees and costs in this action.

13. My hourly billing rate is $650.00.

14. I estimate, based on the $150.00 cost of effecting same-day service on DOC in October 2025, that I will incur $150.00 in costs of service upon DOC for this Motion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 13, 2026.

/s/   Kyle Singhal
Kyle Singhal
*Partner*, Hopwood & Singhal PLLC

**Attachment C (Declaration of Kyle Singhal)**