GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS



**Office of the General Counsel**

June 5, 2023

Mayor's Office of Legal Counsel
Executive Office of the Mayor
1350 Pennsylvania Avenue, NW, Suite 407
Washington, D.C. 20001

Sent via email

**Re:  Freedom of Information Act Appeal, 2023-147
       (FOIA Request 2023-FOIA-02374)**

To Whom It May Concern:

This is the District of Columbia Department of Corrections' (DOC) response to the referenced Freedom of Information Act (FOIA) administrative appeal that the Mayor's Office of Legal Counsel (MOLC) forwarded to the DOC on May 22, 2023. The appeal was filed by Taylor Dana Reaves, Esquire, Office of Congressman Troy E. Nehls.

On January 9, 2023, Ms. Reaves submitted a FOIA request for the body-worn camera footage of a DOC Correctional Officer "[regarding an incident that occurred] on September 5, 2022, from the hours of 10:00 pm in the C2B pod in the D.C. Department of Corrections, which includes her interaction with" an inmate in the custody of the DOC. Because the video captures images and information of individuals, DOC denied the request on privacy grounds and pursuant to DC Code §2-534 (a) (2). Ms. Reaves now urges MOLC to reverse the agency's denial, arguing that the Officer's "name and actions do not outweigh the public interest of knowing how a DC DOC officer was treating individuals in the C2B pod."

First, 'all information that "applies to a particular individual"' is subject to the protection of the DC Code §2-534 (a) (2). See, *Maydak v. United States DOJ*, 254 F. Supp. 2d 23, *37 (D.D.C. 2003); quoting *Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982).[1]

---

[1] Although *Maydak* is about Federal FOIA Exemption 6, which, like D.C. Code §2-534 (a) (2), protects an individual's information that is contained in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy", 5 U.S.C. 552(b)(6), court's interpretation of a Federal FOIA exemption is usually followed in interpreting a corresponding DC FOIA exemption. *Hines v. District of Columbia Bd. Of Parole*, 567 A.2d 909, 912 (D.C. 1989; *Barry v. Washington Post*, 529 A.2d 319, 321 (D.C. 1987).

**Attachment G (FOIA Appeal Denial)**

Second, as held in *Amiri v. NSF*, the public interest that would outweigh an individual's privacy interest must be "significant"[2] and "more specific than having information for its own sake."[3] The court further found:

> In fact, "the only relevant public interest" is "the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to"[4] [and that] "information that reveals little or nothing about an agency's own conduct" will not suffice.[5]

In *Dep't of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 772-73 (1989), the Supreme Court identifies information of public interest as "official information that sheds light on an agency's performance of its statutory duties." The Supreme Court then illustrates with its prior decision in *Department of Air Force v. Rose*, 425 U.S. 352 (1976), stating that the "disciplinary-hearing summaries" sought by the FOIA requester in that case "contained information that would explain how the disciplinary procedures actually functioned and therefore were an appropriate subject of a FOIA request." The court then noted:

> All parties, however, agreed that the files should be redacted by deleting information that would identify the particular cadets to whom the summaries related. The deletions were unquestionably appropriate because the names of the particular cadets were irrelevant to the inquiry into the way the Air Force Academy administered its Honor Code; leaving the identifying material in the summaries would therefore have been a "clearly unwarranted" invasion of individual privacy.[6]

The DC Code which created the DOC in §24-211.01 outlines the agency's statutory duties in §24-211.02, empowering it to:

1. "be responsible for the safekeeping, care, protection, instruction and discipline of all persons committed" to its facilities;
2. "promulgate rules and regulations for the government of" its facilities;
3. "establish and conduct industries, farms, and other activities";
4. "classify the inmates"; and
5. "provide for their proper treatment, care, rehabilitation, and reformation."

Ms. Reaves did not allege a breach of any of these duties or reference an agency's conduct in the performance of these duties, which she may want to "shed light on." This appeal should be dismissed.

Respectfully submitted,

*Segun Obebe*
Oluwasegun Obebe
Records, Information & Privacy Officer

cc:    Taylor Dana Reaves, Esquire
       taylor.reaves@mail.house.gov

---

[2] *Amiri v. NSF* 2021 U.S. Dist. LEXI 185032, *27.
[3] Id., quoting *Nat'l Archives & Recs. Admin. V. Favish*, 541 U.S. 157, 172 (2004).
[4] *Amiri v. NSF*, quoting *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999).
[5] *Amiri v. NSF*, quoting *Beck v. Dep't of Just.*, 997 F.2d 1489, 1493 (D.C. Cir. 1993).
[6] *Dep't of Justice v. Reporters Committee for Freedom of the Press*, at 772-73.

**Attachment G (FOIA Appeal Denial)**