# GOVERNMENT OF THE DISTRICT OF COLUMBIA
# DEPARTMENT OF CORRECTIONS



July 15, 2024

U.S. Representative Jim Jordan, Chairman
U.S. Representative Troy Nehls, Member of Congress
U.S. Representative Andy Ogles, Member of Congress
U.S. House of Representatives - Committee on the Judiciary
2138 Rayburn House Office Building
Washington, D.C. 20515

Dear Chairman Jordan, Representative Nehls, and Representative Ogles:

Please accept this letter in response to the July 1, 2024 letter (July 1 Letter) issued to the District of Columbia Department of Corrections (DOC) requesting the release of the following materials:

> **Request No. 1**: All footage of the C2B pod in the DOC on September 5, 2022, from the hours of 10:00 a.m. to 1:00 p.m., including body camera footage from all officers present during the incident as well as non-body worn cameras in the pod; and

> **Request No. 2**: All medical records pertaining to McAbee's medical treatment following the incident, including documentation that McAbee received a fresh change of clothes after being sprayed.

To address the concerns regarding your June 12, 2024 viewing (June 12 Viewing) of the Body Worn Camera (BWC) video at issue, the DOC respectfully disagrees with your interpretation of the video.

With regard to the first request, and as noted in the DOC's May 28, 2024 response (May 28 Response) to the initial inquiry submitted by your office on May 20, 2024 (May 20 Letter), the July 1 Letter is not being viewed as a Freedom of Information Act (FOIA) request due to not being compliant with the requirements of 1 DCMR 402.3[1]. Rather, the July 1 Letter is being treated as a "follow up request" to the items initially requested in the May 20 Letter. With that being said, due

---

[1] A written request may be mailed, faxed or e-mailed to the agency Freedom of Information Officer, or agency head in the absence of a designated Freedom of Information Officer. The outside of the envelope or the subject line of the fax or e-mail shall state: "Freedom of Information Act Request" or "FOIA Request". In addition, a request shall include a daytime telephone number, e-mail address or mailing address for the requester.

**Attachment H (Mazzuchelli Letter)**

to safety and security, as well as individual privacy concerns, the DOC is unable to produce the surveillance and/or BWC footage requested in Request No. 1. By way of explanation, the footage requested depicts schematic layouts, points of entry and exit, and arguably the most safety-sensitive aspect of all, the locations of security cameras in that unit (C2B). The primary mission of the DOC is to ensure the safety and security of residents, staff, and the facility as a whole. Releasing the requested footage presents significant risks that could compromise this mission. Additionally, and for the same reason cited in its May 28 Response[2], the DOC further contends that it cannot release the footage due to the privacy interests of the resident at issue, but also those of all individuals involved, including other residents and DOC staff members. Therefore, Request No. 1 is respectfully denied. However, please be advised that this denial does not preclude your office from filing a formal FOIA request for these items with the DOC either presently or in the future.

As to Request No. 2, it is important to note and underscore the fact that the DOC is a covered entity under the Health Insurance Portability Accountability Act (HIPAA). As a result, it is subject to HIPAA's Privacy Rule and "may not use or disclose protected health information," except as permitted by exceptions to the Privacy Rule or by the patient's authorization[3]. Further, when "using or disclosing protected health information," DOC "must make reasonable efforts to limit protected health information to the minimum extent necessary to accomplish the intended purpose of the use, disclosure, or request.[4]" It is DOC policy to maintain full compliance with HIPAA by seeking to maintain the confidentiality and security of individuals' private and protected health information[5].

Although your office has provided the DOC with two (2) releases, they are unclear, ambiguous, and most notably, not compliant with HIPAA's authorization requirements[6]. Correspondingly, if the DOC were to release the items set forth in Request No. 2, it would cause the DOC to be subject to civil and criminal penalties[7]. Therefore, for the foregoing reasons, Request No. 2 is respectfully denied.

Sincerely,

Andrew Mazzuchelli
Deputy General Counsel
District of Columbia Department of Corrections

---

[2] Letter from Andrew Mazzuchelli, Deputy General Counsel, D.C. Dept. Of. Corrections to Jim Jordan, Chairman, H. Comm. On the Judiciary and Troy Nehls, Member, H. Comm. On the Judiciary (May 28, 2024) ("[t]he FOIA request was denied by DOC and the MOLC upheld the denial based on personal privacy interests of all individuals captured in the footage at issue, pursuant to D.C. Code § 2-534(a)(2). DOC's position remains unchanged at this time; there are still overarching individual privacy concerns at issue that extend beyond R.M.'s and are inclusive of all individuals depicted in the video at issue.")
[3] 45 C.F.R. § 164.502(a).
[4] 45 C.F.R. § 164.502(b).
[5] District of Columbia Department of Corrections Program Manual, Number 1300.3B- Health Information Privacy.
[6] 45 C.F.R. § 164.508(c).
[7] 42 U.S.C. § 1320d-6.

**Attachment H (Mazzuchelli Letter)**