**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| RONALD COLTON MCABEE, *Plaintiff,* v. CRYSTAL LANCASTER, *Defendant.* | No. 24-CV-1686 (JMC) |

**DEFENDANT CRYSTAL LANCASTER'S CONSENT MOTION TO STAY DISCOVERY**

Defendant Crystal Lancaster respectfully moves for a stay of discovery until after the Court resolves Plaintiff's motion for leave to file a second amended complaint and Defendant's cross-motion to strike, all named defendants respond to a second amended complaint, and any dispositive motions filed by defendants in response to a second amended complaint are resolved. A memorandum of points and authorities supporting this motion and a proposed order are attached.

Date:  March 19, 2026

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ Christina Okereke
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

/s/ Sarah Preis
SARAH PREIS [997387]
Assistant Attorney General
400 6th Street, NW

Washington, D.C. 20001
(202) 727-5291
Sarah.Preis@dc.gov

*Counsel for Defendant Crystal Lancaster*

## LCvR 7(m) CERTIFICIATION

This certifies that I contacted Plaintiff's counsel on March 11, 2026, seeking Plaintiff's consent to the relief sought here. Plaintiff, through counsel, agreed to the relief sought here.

/s/ Sarah Preis____
SARAH PREIS
Assistant Attorney General

2

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RONALD COLTON MCABEE<br><br>*Plaintiff,*<br><br>v.<br><br>CRYSTAL LANCASTER,<br><br>*Defendant.* | No. 24-CV-1686 (JMC) |

**DEFENDANT CRYSTAL LANCASTER'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF CONSENT MOTION TO STAY DISCOVERY**

Defendant Crystal Lancaster respectfully moves for a stay of discovery until after the Court resolves Plaintiff's pending motion for leave to file a second amended complaint and Defendant's cross-motion to strike, all named defendants respond to a second amended complaint, and any dispositive motions filed by defendants in response to a second amended complaint are resolved. For the following reasons, the requested relief would ensure that discovery resumes when there is clarity regarding the scope of the facts and legal claims at issue in this litigation.

**BACKGROUND**

Plaintiff Ronald McAbee filed this lawsuit on June 24, 2024, naming Crystal Lancaster, a former correctional officer with the D.C. Department of Corrections (DOC), and the District of Columbia (the District) as defendants. *See* Compl., ECF No. 1. After Defendants moved to dismiss the Complaint, Plaintiff filed the First Amended Complaint as of right in August 2024. *See* Am. Compl., ECF No. 11. Plaintiff alleged that Lancaster violated his constitutional rights under the Fourth and Fifth Amendments by spraying him with a chemical agent when he was

detained at the Central Detention Facility within the D.C. Jail.  *See* Am. Compl. ¶¶ 50–62.  He also alleged that the District was liable for Lancaster's alleged conduct because its policies or customs were "[t]he moving force" behind her alleged excessive use of force.  *Id.* ¶ 65. Defendants filed a motion to dismiss the Amended Complaint on September 9, 2024.  Defs.' Mot. to Dismiss, ECF No. 13.  On September 19, 2025, the Court granted in part and denied in part Defendants' motion, including dismissing the District as a party to this lawsuit because Plaintiff failed to "sufficiently allege that there was a municipal policy or practice driving Lancaster's actions."  Sept. 19, 2025 Order and Mem. Op. at 1, ECF No. 16.

On October 30, 2025, the Court issued a scheduling order that, among other things, gave Plaintiff until January 28, 2026, to file a second amended complaint.  On December 8, 2025, in response to a joint motion by Plaintiff and Lancaster, the Court entered a protective order governing the exchange of confidential information in this matter.  *See* Joint Mot. for Protective Order, ECF No. 23; Protective Oder, ECF No. 24.  Shortly thereafter, Plaintiff served a subpoena on non-party DOC.  Subject to the Protective Order in this case, DOC produced several documents that it designated as confidential under the Protective Order.

On January 28, 2026, Plaintiff filed a motion to seal a proposed second amended complaint.[1]  The proposed second amended complaint contains numerous new allegations about Defendant Lancaster and the District's purported municipal liability for her alleged conduct that

---

[1]  Although styled as a motion to file under seal, Plaintiff in fact takes the opposite position in his motion and advocates for denial of his motion so that the proposed Second Amended Complaint (SAC) can be publicly filed with no redactions.  *See* Pl.'s Mot. to File SAC Under Seal.  Furthermore, Plaintiff did not challenge the confidential designation of any material he obtained from DOC, as required by to the terms of the Protective Order to dispute confidentiality designations.  *See* Protective Order ¶¶ 9–11.

appear to be derived from confidential information produced to him by DOC.  *See, e.g.*, Pl.'s Mot. to File SAC Under Seal, SAC Redline ¶¶ 14–15 (ECF No. 27).  On February 20, 2026, Defendant Lancaster responded to that motion and also cross-moved to strike certain allegations from the proposed amendment and to file related briefing under seal.  ECF No. 31.  Both motions are now ripe for review.  *See* Pl.'s Resp. in Opp'n to Mot. to Strike and Reply in Support of His Motion to File Under Seal (ECF No. 32); Def.'s Reply in Further Support of Def.'s Combined Cross-Mot. to Strike Pl.'s Proposed Second Am. Compl. and to File Related Briefing & Docs. Under Seal (ECF No. 34).

### ARGUMENT

Courts have "broad discretion" to stay proceedings.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (citation and quotation marks omitted).  The party seeking a stay of proceedings bears the burden of "establishing its need*.*"  *Clinton*, 520 U.S. at 708.

Here, there is good cause to stay of discovery in this case.  Plaintiff seeks to file a second amended complaint that includes new factual allegations and that would add the District of Columbia as a defendant in this matter.  Once the Court resolves Plaintiff's motion to seal and Defendant Lancaster's cross-motion to strike and accepts some version of the second amended complaint for filing, the District and/or Defendant Lancaster may seek dismissal of the claims against them.  Granting the requested stay would ensure that discovery can resume when there is clarity on the scope of the factual issues and legal claims.  Thus, granting the relief requested would serve the interests of judicial efficiency and economy.  Plaintiff does not oppose the

requested stay, and thus he would not be prejudiced by the granting of this motion.

**CONCLUSION**

For these reasons, Defendant Lancaster respectfully requests that the Court grant this motion.

Date:    March 19, 2026

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Christina Okereke*
CHRISTINA OKEREKE [219272]
Chief, Civil Litigation Division Section II

*/s/ Sarah Preis*
SARAH PREIS [997387]
Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
(202) 727-7291
sarah.preis@dc.gov

*Counsel for Defendant Crystal Lancaster*

\

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

RONALD COLTON MCABEE,

*Plaintiff,*

v.

CRYSTAL LANCASTER,

*Defendant.*

No. 24-CV-1686 (JMC)

---

**ORDER**

Upon consideration of Defendant Crystal Lancaster's Consent Motion to Stay Discovery, and the entire record herein, it is this _____ day of _____ 2026, hereby

**ORDERED** that discovery is **STAYED** pending further order by the Court.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

7