**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RONALD COLTON MCABEE,

*Plaintiff,*

v.

CRYSTAL LANCASTER, *et al.*,

*Defendants.*

No. 24-CV-1686 (JMC)

## ANSWER

Defendant Crystal Lancaster, by and through undersigned counsel, hereby answers the Second Amended Complaint.  Defendant asserts that anything not specifically admitted herein is denied, and answers the Second Amended Complaint as follows:

### First Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

In response to the paragraphs in the Second Amended Complaint, Defendant Lancaster responds as follows:

**I.      Preliminary Statement**

1.      This paragraph asserts legal conclusions, Plaintiff's characterization of this action, and the relief he seeks, to which no response is required.  To the extent that this paragraph contains factual allegations, they are denied.

**II.     Parties**

2.      Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

3.      Defendant Lancaster admits the allegations in this paragraph.

4.      The allegations in this paragraph are directed to Defendant District of Columbia, and thus no response is required.  To the extent that a response is required, Defendant Lancaster admits the allegations in this paragraph.

### III.    Jurisdiction and Venue

5.      This paragraph asserts legal conclusions, to which no response is required.  To the extent that a response is required, Defendant Lancaster acknowledges the statutes cited in this paragraph but does not admit that jurisdiction is conveyed therefrom.  To the extent that this paragraph contains factual allegations, they are denied.

6.      This paragraph asserts legal conclusions, to which no response is required.  To the extent that this paragraph contains factual allegations, they are denied.

7.      This paragraph asserts legal conclusions, to which no response is required.  To the extent that a response is required, Defendant Lancaster acknowledges the statute cited in this paragraph and admits that events giving rise to this action occurred in the District of Columbia but does not admit that venue is appropriate on that basis.  To the extent that this paragraph contains factual allegations, they are denied.

### IV.    Statement of Facts

8.      Defendant Lancaster admits that Plaintiff was housed in the DC Jail as a federal pretrial detainee on September 5, 2022.  Defendant Lancaster lacks sufficient information to admit or deny the remaining allegations in this paragraph.

9.      Defendant Lancaster admits the allegations in this paragraph.

10.     Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

11.     Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

12.     Defendant Lancaster denies the allegations in this paragraph.

13.     Defendant Lancaster admits that detainees in C2B filed grievances but otherwise lacks sufficient information to admit or deny the allegations in this paragraph.

14.     This paragraph consists of characterizations of allegations and legal conclusions, to which no response is required.  To the extent this paragraph contains factual allegations, they are denied.

15.     This paragraph consists of characterizations of allegations and legal conclusions, to which no response is required.  To the extent that this paragraph contains factual allegations, they are denied.

16.     Defendant Lancaster admits she entered Unit C2B at approximately 11:29 a.m. on September 5, 2022, that she was banned from Unit C2B for a period of time, and that at least one of her supervisors was aware of that ban.  Defendant Lancaster denies the remaining allegations in this paragraph.

17.     Defendant Lancaster admits that Major Marr was one of her supervisors and that Major Marr was aware that Defendant was banned from Unit C2B for a period of time.  Defendant denies the remaining allegations in this paragraph.

18.     This paragraph asserts legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

19.     Defendant Lancaster admits she entered Unit C2B at approximately 11:29 a.m. on September 5, 2022, and that at least one of her supervisors or superiors within DOC did not prevent her from entering Unit C2B.  Defendant Lancaster denies the remaining allegations in

this paragraph.

20.    Defendant Lancaster admits she entered Unit C2B at approximately 11:29a.m. on September 5, 2022.  The remaining allegations in this paragraph assert legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in this paragraph.

21.    Defendant Lancaster admits she entered Unit C2B at approximately 11:29am on September 5, 2022.  The remaining allegations in this paragraph assert legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

22.    This paragraph asserts legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

23.    Defendant Lancaster admits Major Marr was one of her supervisors within the DOC.  The remaining allegations in this paragraph assert legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies the remaining allegations in this paragraph.

24.    Defendant Lancaster admits that at some point before 11:37 a.m. on September 5, 2022, a nurse entered Unit C2B for the purpose of dispensing medication to inmates.  Defendant Lancaster lacks sufficient information to admit or deny the remaining allegations in this this paragraph.

25.    Defendant Lancaster admits the allegations in this paragraph.

26.    Defendant Lancaster admits the allegations in the first sentence of this paragraph. Defendant Lancaster lacks sufficient information to admit or deny the allegations in the second sentence in this paragraph.  Defendant Lancaster denies the allegations in the third sentence of

this paragraph.

27.    Defendant Lancaster admits the allegations in this paragraph.

28.    Defendant Lancaster admits the allegations in this paragraph.

29.    Defendant Lancaster admits that Plaintiff continued towards the nurse and that she told Plaintiff not to hit her.  Defendant Lancaster denies the remaining allegations in this paragraph.

30.    Defendant Lancaster admits the first sentence of this paragraph.  Defendant Lancaster denies the allegations in the second sentence of this paragraph.

31.    Defendant Lancaster denies the allegations in the first sentence of this paragraph. Defendant admits the remaining allegations in this paragraph.

32.    This paragraph asserts Plaintiff's characterizations of events, to which no response is required.  To the extent that a response is required, Defendant Lancaster admits that while Plaintiff was standing at the nurse's cart, she placed her hand on her canister of chemical spray and administered a one-second burst of chemical agent to Plaintiff's face.  Defendant denies the remaining allegations in this paragraph.

33.    Defendant Lancaster denies the allegations in this paragraph.

34.    Defendant Lancaster denies the allegation in this paragraph.

35.    Defendant Lancaster denies the allegations in this paragraph.

36.    This paragraph asserts legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

37.    This paragraph asserts legal conclusions, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in this paragraph.

38.    Defendant Lancaster admits that Plaintiff used "impolite language" but denies the

remaining allegations in this paragraph.

39. Defendant Lancaster admits the allegations in this paragraph.

40. Defendant Lancaster admits the allegations in this paragraph.

41. Defendant Lancaster admits the allegations in the first sentence of this paragraph. Defendant Lancaster denies the remaining allegations in this paragraph.

42. Defendant Lancaster admits that at 11:41 a.m., Corporal Winston had Plaintiff stand up, and that at some point thereafter, she administered a second burst of chemical agent into Plaintiff's facial area.  Defendant Lancaster lacks sufficient information to admit or deny whether by this time, Corporal Winston had not asked for any assistance in restraining Plaintiff. Defendant Lancaster denies the remaining allegations in this paragraph.

43. Defendant Lancaster denies the allegations in this paragraph.

44. Defendant Lancaster denies the allegation in this paragraph.

45. This paragraph asserts legal conclusions, to which no response is required.  To the extent a response is required, Defendant Lancaster denies the allegations in this paragraph.

46. Defendant Lancaster denies the allegations in the first and third sentences of this paragraph.  Defendant admits that Plaintiff was provided a change of clothes and taken to receive medical treatment.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

47. Defendant lacks sufficient information to admit or deny the allegations in this paragraph.

48. Defendant Lancaster admits that she wrote a report asserting that Plaintiff engaged in the conduct specified in this paragraph.

49. Defendant Lancaster denies the allegations in this paragraph.

6

50. Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

51. Defendant Lancaster denies that her allegation that Plaintiff assaulted her was false.  Defendant Lancaster lacks sufficient information to admit or deny the remaining allegations in this paragraph.

52. Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

53. Defendant Lancaster denies that she wrote a false report.  Defendant Lancaster lacks sufficient information to admit or deny the remaining allegations in this paragraph.

54. Defendant Lancaster denies the allegation that she "violently assaulted" Plaintiff. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

55. Defendant Lancaster denies the allegation in this paragraph that she "attack[ed]" Plaintiff.  Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph.

56. Defendant Lancaster denies the allegations in this paragraph.

57. The allegations in this paragraph are directed to Defendant District of Columbia (the District), and thus no response is required.

58. The allegations in this paragraph are directed to the District, and thus no response is required.

59. The allegations in this paragraph are directed to the District, and thus no response is required.

60. The allegations in this paragraph are directed to the District, and thus no response

is required.

61.     The allegations in this paragraph are directed to the District, and thus no response is required.

62.     This paragraph asserts Plaintiff's opinion, to which no response is required.  To the extent that this paragraph contains factual allegations, Defendant Lancaster denies the allegations in this paragraph.

63.     Defendant Lancaster admits that her body-worn camera captured some of the events alleged in the previous paragraphs of the Second Amended Complaint but otherwise lacks sufficient information to admit or deny the allegations in this paragraph.

64.     Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

65.     Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

66.     Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

67.     Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

68.     Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

69.     Defendant Lancaster lacks sufficient information to admit or deny the allegations in this paragraph.

70.     Defendant Lancaster denies the allegations in this paragraph.

## V.      Causes of Action

### COUNT I
### DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983
### (FOURTH AMENDMENT / EXCESSIVE FORCE)

71.      To the extent that Plaintiff incorporates the allegations set forth in the preceding paragraphs of the Second Amended Complaint, Defendant Lancaster repeats her responses to each paragraph accordingly.

72.      Defendant Lancaster denies the allegations in this paragraph.

73.      Defendant Lancaster denies the allegations in this paragraph.

74.      Defendant Lancaster denies the allegations in this paragraph.

75.      Defendant Lancaster denies the allegations in this paragraph.

76.      Defendant Lancaster denies the allegations in this paragraph.

Defendant Lancaster denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 76 of the Second Amended Complaint, or any other relief.

### COUNT II
### DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983
### (FIFTH AMENDMENT DUE PROCESS)

77.      To the extent that Plaintiff incorporates the allegations set forth in the preceding paragraphs of the Second Amended Complaint, Defendant Lancaster repeats her responses to each paragraph accordingly.

78.      Defendant Lancaster admits that Plaintiff was a pretrial detainee in the D.C. Jail. Defendant otherwise lacks sufficient information to admit or deny the allegations in this paragraph.

79.      This paragraph asserts legal conclusions, to which no response is required.

80. This paragraph asserts legal conclusions and Plaintiff's characterization of his claims, to which no response is required.

81. Defendant Lancaster denies the allegations in this paragraph.

82. Defendant Lancaster denies the allegations in this paragraph.

83. Defendant Lancaster denies the allegations in this paragraph.

Defendant Lancaster denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph immediately following paragraph 83 of the Second Amended Complaint, or any other relief.

**COUNT III**
**DEPRIVATION OF RIGHTS UNDER 42 U.S.C. § 1983**
**(FOURTH AND FIFTH AMENDMENTS/MUNICIPAL LIABILITY)**

84. To the extent that Plaintiff incorporates the allegations set forth in the preceding paragraphs of the Second Amended Complaint, Defendant Lancaster repeats her responses to each paragraph accordingly.

85. Count III is directed to the District, and thus no response by Defendant Lancaster is required to the allegations in this paragraph.

86. Count III is directed to the District, and thus no response by Defendant Lancaster is required to the allegations in this paragraph.

87. Count III is directed to the District, and thus no response by Defendant Lancaster is required to the allegations in this paragraph.

88. Count III is directed to the District, and thus no response by Defendant Lancaster is required to the allegations in this paragraph.

**VI.    Jury Trial Demanded**

This paragraph asserts Plaintiff's request for a jury trial, to which no response is required.

10

## VII.    Prayer for Relief

Defendant denies that Plaintiff is entitled to the relief requested in this paragraph, including all sub-parts, or any other relief.

### Third Defense

Defendant denies that she is liable for the events and injuries alleged in the Second Amended Complaint and further denies that Plaintiff is entitled to any relief.

### Fourth Defense

Defendant acted in good faith and with a reasonable belief that her actions were lawful under the circumstances.

### Fifth Defense

Plaintiff may have failed to mitigate his damages.

### Sixth Defense

Plaintiff's claims may be barred by the doctrines of collateral estoppel and *res judicata*.

### Seventh Defense

Defendant has performed her obligations, if any, toward Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

### Eighth Defense

If Plaintiff was injured or damaged as alleged in the Second Amended Complaint, any such injuries or damages were not actually or proximately caused by Defendant.

### Ninth Defense

Defendant is entitled to qualified immunity.

### Tenth Defense

Plaintiff's claims may be barred in whole or in part by the applicable statute of

limitations, laches, or waiver.

## Eleventh Defense

Plaintiff may not be entitled to any equitable relief from this Court because of his own actions or lack thereof.

## Twelfth Defense

Defendant reserves the right to amend the Answer to the Second Amended Complaint and to raise any additional defenses which the evidence in discovery may reveal.

## Jury Demand

Defendant hereby demands a trial by jury on all issues so triable.

Dated:  April 10, 2026                           Respectfully submitted,

                                                 BRIAN L. SCHWALB
                                                 Attorney General for the District of Columbia

                                                 CHAD COPELAND
                                                 Deputy Attorney General
                                                 Civil Litigation Division

                                                 /s/ Christina Okereke
                                                 CHRISTINA OKEREKE [219272]
                                                 Chief, Civil Litigation Division, Section II

                                                 /s/ Sarah Preis
                                                 SARAH PREIS [997387]
                                                 Assistant Attorneys General
                                                 400 6th Street, NW
                                                 Washington, D.C. 20001
                                                 (202) 727-5291
                                                 sarah.preis@dc.gov

                                                 *Counsel for Defendant Crystal Lancaster*

12